# EXHIBIT 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 51

| | |
|---|---|
| **20STCV39412** | February 24, 2021 |
| **SOHROB TEHRANI, AN INDIVIDUAL vs AMERICAN INTERNATIONAL GROUP, INC., A CALIFORNIA CORPORATION, et al.** | 10:00 AM |

Judge: Honorable Dennis J. Landin             CSR: None
Judicial Assistant: J. Clavero                       ERM: None
Courtroom Assistant: A. Alba                     Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): Cory Gould (Telephonic) for Rodney Mesriani

For Defendant(s): John Giovannone (Telephonic) for AMERICAN GENERAL LIFE INSURANCE COMPANY, a California Corporation

Other Appearance Notes:

---

**NATURE OF PROCEEDINGS:** Hearing on Motion to Compel Arbitration

The Court issues a tentative ruling this morning which is posted on the Court's website.

The matter is called for hearing.

Counsel submit to the tentative ruling of the Court.

The Court adopts the tentative ruling of the Court as the Order of the Court as follows:

On December 18, 2020, Defendant filed the instant Motion to Compel Arbitration.

The Court considered the moving, opposition, and reply papers.

Motion to Compel Arbitration Standard

Code of Civil Procedure section 1281.2 provides, in relevant part:

On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists…
(Code Civ. Proc. § 1281.2.)

"California law reflects a strong public policy in favor of arbitration as a relatively quick and

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 51

| | |
|---|---|
| 20STCV39412 | February 24, 2021 |
| SOHROB TEHRANI, AN INDIVIDUAL vs AMERICAN INTERNATIONAL GROUP, INC., A CALIFORNIA CORPORATION, et al. | 10:00 AM |

Judge: Honorable Dennis J. Landin            CSR: None
Judicial Assistant: J. Clavero                     ERM: None
Courtroom Assistant: A. Alba                   Deputy Sheriff: None

---

inexpensive method for resolving disputes. [Citation.] To further that policy, [Code of Civil Procedure] section 1281.2 requires a trial court to enforce a written arbitration agreement" unless one of four limited exceptions applies. Acquire II, Ltd. v. Colton Real Estate Group (2013) 213 Cal.App.4th 959, 967. Those statutory exceptions arise where (1) a party waives the right to arbitration; (2) grounds exist for revoking the arbitration agreement; and (3) pending litigation with a third party creates the possibility of conflicting rulings on common factual or legal issues; (4) the petitioner is a state or federally chartered depository institution that, on or after January 1, 2018, seeks to compel arbitration pursuant to a contract whose agreement was induced by fraud or without respondent's consent. CCP §1281.2(a)–(d).

Analysis

Existence of Arbitration Agreement

"[T]he petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence . . . ." Giuliano v. Inland Empire Personnel, Inc. (2007) 149 Cal.App.4th 1276, 1284. "In determining whether an arbitration agreement applies to a specific dispute, the court may examine only the agreement itself and the complaint filed by the party refusing arbitration [citation]. The court should attempt to give effect to the parties' intentions, in light of the usual and ordinary meaning of the contractual language and the circumstances under which the agreement was made." Weeks v. Crow (1980) 113 Cal.App.3d 350, 353. "To determine whether a contractual arbitration clause requires arbitration of a particular controversy, the controversy is first identified and the issue is whether that controversy is within the scope of the contractual arbitration clause." Titolo v. Cano (2007) 157 Cal.App.4th 310, 316. "Doubts as to whether an arbitration clause applies to a particular dispute are to be resolved in favor of sending the parties to arbitration. The court should order them to arbitrate unless it is clear that the arbitration clause cannot be interpreted to cover the dispute." California Correctional Peace Officers Ass'n v. State (2006) 142 Cal.App.4th 198, 205.

"[A] party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense. [Citation.] In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination." Giuliano v. Inland Empire Personnel, Inc. (2007) 149 Cal.App.4th 1276, 1284.

Here, Defendant seeks to compel arbitration based on an application for employment (Exh. B)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 51

| | |
|---|---|
| 20STCV39412 | February 24, 2021 |
| SOHROB TEHRANI, AN INDIVIDUAL vs AMERICAN INTERNATIONAL GROUP, INC., A CALIFORNIA CORPORATION, et al. | 10:00 AM |

Judge: Honorable Dennis J. Landin          CSR: None
Judicial Assistant: J. Clavero             ERM: None
Courtroom Assistant: A. Alba               Deputy Sheriff: None

and offer of employment (Exh. A), both of which make reference to the company's Employment Dispute Resolution ("EDR") program. That program provides for various ways to address work-related disputes, including mediation and arbitration through the American Arbitration Association. The employment application states, in relevant part, "I agree to resolve employment-related claims against the company . . . through this dispute related process instead of through the courts." Exh. B, p.5. The details of the EDR program are in a twelve-page document entitled "AIG Employment Dispute Resolution Program." (Exh. C.)

By attaching a copy of the above documents to its motion, Defendant has satisfied its initial burden of establishing the existence of an arbitration agreement. See Espejo v. Southern California Permanente Medical Group (2016) 246 Cal.App.4th 1047, 1060.

In opposition, Plaintiff asserts that the details of EDR program were not properly incorporated in the offer letter, the employment application or the Employee Handbook and therefore there was no meeting of the minds and no consent. The Court disagrees with this assessment. Significantly, as set forth in the offer of employment, the EDR information was available for review using the Defendant's intranet prior to the date of hire upon request. Exh. A, p.2). The application for employment also informed Plaintiff that he could access the details of the EDR upon request. See Wolschlager v. Fidelity National Title Ins. Co., (2003) 111 Cal. App. 4th 784, 791. Moreover, by continuing his employment with Defendant he impliedly accepted the terms of employment which clearly include being subject to the arbitration agreement.

(Note: The Plaintiff also states that the Defendant takes the position that he was bound by the EDR program in May 2019 even before he was aware of its existence. As to this point, Defendant does not make that claim. It takes the position that the Plaintiff agreed to arbitration by signing documents in June 2019.)

For the foregoing reasons, Plaintiff fails to satisfy his burden to oppose the existence of a valid arbitration agreement.

Unconscionability

Plaintiff further contends that even assuming a valid contract to arbitrate exists, the Arbitration Clause fails to meet the minimum standards of Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, and is procedurally and substantively unconscionable.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 51

| | |
|---|---|
| 20STCV39412 | February 24, 2021 |
| SOHROB TEHRANI, AN INDIVIDUAL vs AMERICAN INTERNATIONAL GROUP, INC., A CALIFORNIA CORPORATION, et al. | 10:00 AM |

Judge: Honorable Dennis J. Landin  CSR: None
Judicial Assistant: J. Clavero  ERM: None
Courtroom Assistant: A. Alba  Deputy Sheriff: None

Unconscionability has both a procedural and a substantive component under California law. Roman v. Superior Court (2009) 172 Cal.App.4th 1462, 1469. Procedural unconscionability focuses on the elements of oppression and surprise. Ibid. Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice. Surprise involves the extent to which the terms of the bargain are hidden in a prolix printed form drafted by a party in a superior bargaining position. Ibid.

Substantive unconscionability focuses on the actual terms of the agreement and evaluates whether they create '' ' " 'overly harsh' " ' or ' " 'one-sided' " results.' " Roman, supra, 172 Cal.App.4th at p. 1469. "Substantive unconscionability 'may take various forms,' but typically is found in the employment context when the arbitration agreement is 'one-sided' in favor of the employer without sufficient justification, for example, when 'the employee's claims against the employer, but not the employer's claims against the employee, are subject to arbitration.' [Citations.]" Ibid.

Additionally, "[t]o be valid, at minimum the arbitration agreement must require a neutral arbitrator, sufficient discovery, and a written decision adequate enough to allow judicial review. Further, it must include all remedies available in a judicial action and the employee may not be required to pay unreasonable costs or fees. [Citation.] Elimination of or interference with any of these ... provisions makes an arbitration agreement substantively unconscionable." Wherry v. Award, Inc. (2011) 192 Cal.App.4th 1242, 1248 (citing Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 102).

Procedural and substantive unconscionability must be present before a contract or term will be deemed unconscionable. Serafin v. Balco Properties Ltd., LLC (2015) 235 Cal.App.4th 165, 177. Both, however, need not be present to the same degree. Ibid. A sliding scale is applied so that " ' "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." ' [Citations.]" Lhotka v. Geographic Expeditions, Inc. (2010) 181 Cal.App.4th 816, 821; Armendariz, supra, 24 Cal.4th at p. 114.

"It is well settled that adhesion contracts in the employment context, that is, those contracts offered to employees on a take-it-or-leave-it basis, typically contain some aspects of procedural unconscionability." Serpa v. California Surety Investigations, Inc. (2013) 215 Cal.App.4th 695, 704. However, "the fact that the arbitration agreement is an adhesion contract does not render it automatically unenforceable as unconscionable." Serafin, supra, 235 Cal.App.4th at 179. Courts

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 51

| | |
|---|---|
| 20STCV39412 | February 24, 2021 |
| SOHROB TEHRANI, AN INDIVIDUAL vs AMERICAN INTERNATIONAL GROUP, INC., A CALIFORNIA CORPORATION, et al. | 10:00 AM |

Judge: Honorable Dennis J. Landin   CSR: None
Judicial Assistant: J. Clavero   ERM: None
Courtroom Assistant: A. Alba   Deputy Sheriff: None

---

have consistently held that the requirement to enter into an arbitration agreement is not a bar to its enforcement. Lagatree v. Luce, Forward, Hamilton & Scripps (1999) 74 Cal.App.4th 1105, 1127. "'A finding of procedural unconscionability does not mean that a contract will not be enforced, but rather that courts will scrutinize the substantive terms of the contract to ensure they are not manifestly unfair or one-sided.' [Citation.]" Sanchez v. Valencia Holding Co., LLC (2015) 61 Cal.4th 899, 915. When "the degree of procedural unconscionability of an adhesion agreement is low […] the agreement will be enforceable unless the degree of substantive unconscionability is high." Id. at 704.

The Court finds that, while a modest degree of procedural unconscionability exists, Plaintiff fails to make a strong showing of substantive unconscionability to render the arbitration agreement unenforceable. Contrary to Plaintiff's assertions, the Non-Disclosure and Non-Solicitation Agreement requires any dispute concerning it to be resolved in accordance with the EDR program and either party may seek injunctive relief. In addition, the fact AIG has the unilateral right to terminate or modify the EDR program does not render it unconscionable. See Avery v. Integrated Healthcare Holdings, Inc., (2013) 218 Cal. App. 4th 50 at 61.

Therefore, under the sliding scale approach, Plaintiff fails to establish the requisite procedural and substantive unconscionability to render the arbitration agreement unenforceable.

Conclusion

Defendant's Motion to Compel Arbitration is GRANTED. Defendant's request for fees and costs under the authority of Franco v. Arakelian., Inc., (2015) 234 Cal. App 4th 947, is DENIED.

Defendant to give notice.

On the Court's own motion, the Case Management Conference scheduled for 03/04/2021 is advanced to this date and vacated .

Pursuant to oral stipulation, the Hearing on Motion to be Admitted Pro Hac Vice (Carole G. Miller) scheduled for 03/02/2021 is advanced to this date and heard .

The Application to be Admitted Pro Hac Vice filed by AMERICAN GENERAL LIFE INSURANCE COMPANY, a California Corporation, DANIEL RODRIGUEZ, an Individual on 01/25/2021 is Granted.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 51

| | |
|---|---|
| **20STCV39412** | February 24, 2021 |
| **SOHROB TEHRANI, AN INDIVIDUAL vs AMERICAN INTERNATIONAL GROUP, INC., A CALIFORNIA CORPORATION, et al.** | 10:00 AM |

Judge: Honorable Dennis J. Landin          CSR: None
Judicial Assistant: J. Clavero                      ERM: None
Courtroom Assistant: A. Alba                    Deputy Sheriff: None

---

Counsel is ordered to submit a proposed order.

Post-Arbitration Status Conference is scheduled for 02/24/2022 at 08:30 AM in Department 51 at Stanley Mosk Courthouse.

Plaintiff's counsel to give notice.